**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **STEVEN E. HAMMER** and **MICHAEL D. WHITE,** individually, and on behalf of all others similarly situated, <br><br>                    Plaintiffs, <br><br> v. <br><br> **SAM'S EAST, INC.** d/b/a SAM'S CLUB, <br><br> and <br><br> **SAM'S WEST, INC.** d/b/a SAM'S CLUB, <br><br> and <br><br> **WAL-MART STORES, INC.**, individually, and d/b/a SAM'S CLUB, and d/b/a SAM'S WHOLESALE CLUB, <br><br>                    Defendants. | Case No. 12-cv-2618 CM/GLR <br><br> CLASS ACTION <br><br> Electronically Filed |

## COMPLAINT

COME NOW Steven E. Hammer and Michael D. White ("Plaintiffs"), individually, and on behalf of all others similarly situated, through their undersigned attorneys, and bring the following Complaint against Defendants Sam's East, Inc. d/b/a Sam's Club, Sam's West, Inc. d/b/a Sam's Club, and Wal-Mart Stores, Inc., individually and d/b/a Sam's Club and d/b/a Sam's Wholesale Club (collectively, "Defendants") for violations of the Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq.*, as follows:

1

**I.      NATURE OF THE CASE**

1.      Plaintiffs and other consumers are members of Sam's Club and put their trust and confidence in Sam's Club to protect their private information.  While Sam's Club states on its website that "privacy is more than an issue of compliance – it is one of trust" Sam's Club has deliberately and deceptively violated that trust.  The Sam's Club website makes numerous misrepresentations that are deceptive and unconscionable with respect ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that Defendants knew were likely to be relied upon by consumers.  Plaintiff brings this case on behalf of themselves and all other consumer Sam's Club members nationwide.  Plaintiffs respectfully request that the Court enter an Order pursuant to K.S.A. 40-634(c) declaring Defendants' conduct to be a violation of the Kansas Consumer Protection Act and enjoining Defendants from continuing to make the deceptive, misleading and untrue representations on its website.  Plaintiffs further request that until such time as Defendants make these changes for the protection of consumers, Defendants be enjoined from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

**II.     THE PARTIES**

1.      Plaintiff Michael D. White is a resident of Kansas, a "consumer" within the meaning of K.S.A. 50-624 and a member of Sam's Club.

2.      Plaintiff Steven E. Hammer is and at all times relevant hereto, is a "consumer" within the meaning of K.S.A. 50-624 and a member of Sam's Club.

3.      Defendant Wal-Mart Stores, Inc., individually, and d/b/a Sam's Club and d/b/a Sam's Wholesale Club (collectively "Wal-Mart") is an Arkansas corporation registered to do business in Kansas with its principal place of business at 702 S.W. 8th Street, Bentonville,

Arkansas 72716, and solicits and engages in consumer transactions. Wal-Mart does business as Sam's Club throughout the United States directly and by its operation and control of Sam's East and Sam's West.

4. Defendant Sam's East, Inc. d/b/a Sam's Club is an Arkansas corporation registered to do business in Kansas with its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716 ("Sam's East"), and solicits and engages in consumer transactions. Defendant Sam's East is a wholly owned subsidiary of Defendant Wal-Mart Stores, Inc. and its operations are indistinct from Sam's West.

5. Defendant Sam's West, Inc. d/b/a Sam's Club is an Arkansas corporation registered to do business in Kansas with its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716 ("Sam's West") and solicits and engages in consumer transactions. Defendant Sam's West is a wholly owned subsidiary of Defendant Wal-Mart Stores, Inc. and its operations are indistinct from Sam's East.

6. Wal-Mart actively and directly participated in the violations described herein and/or was a direct participant in the violations by Sam's Club.

7. Upon information and belief, Wal-Mart retained and exerted control over the operation of all Sam's Clubs with respect to the violations described herein such that the violations by Sam's Club can be traced to Wal-Mart's management, personnel, policies, directives and other controls.

8. Wal-Mart, Sam's East and Sam's West all do business as Sam's Club and each are jointly and individually responsible for the deceptive and unconscionable actions described herein. Wal-Mart, Sam's East and Sam's West are hereinafter collectively referred to hereafter as "Sam's Club."

**III.     JURISDICTION AND VENUE**

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because this is a civil action filed pursuant to Fed.R.Civ.P. 23 brought by one or more representative persons as a class action, with minimal diversity between the parties.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this District and a substantial number of the acts or practices have and continue to occur in this District.

**IV.     SUMMARY OF ALLEGATIONS**

11. Defendants made various misrepresentations to Plaintiffs and Class members, and violated and continue to violate the Kansas Consumer Protect Act through various deceptive acts and practices associated and related to the statements made on its website, including but not limited to:



a. Representing to Sam's Club members that ▮▮▮▮▮

b. Representing to Sam's Club members that ▮▮▮▮▮

c. Representing to Sam's Club members that ▮▮▮▮▮

d. Representing to Sam's Club members that ▮▮▮▮▮

4

e. Representing to Sam's Club members that Defendants ████████ ████████████████████████████████████████████████████ ██████

f. Representing to Sam's Club members that ████████████ ████████████████████████████████████████████

12. The statements of Defendants are false, deceptive and unconscionable in that:

a. ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████

b. ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████

c. ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████

d. ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████

e. ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████

       f.  ████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████

13. Defendants' actions are deceptive and unconscionable because ████████

███████████████████████████████████████████████████████

██████████████████████████████████

14. Defendants should be enjoined from continuing to make the deceptive, misleading and untrue representations on its website. Plaintiffs further request that until such time as Defendants make these changes, for the protection of consumers, Defendants be enjoined ████

██████████████████████████████████

15. Pursuant to K.S.A. 50-634(c), Plaintiffs seek the following relief:

       a.     Plaintiffs seek a Declaratory Judgment that Defendants' practices are deceptive and/or unconscionable;

       b.     Plaintiffs seek injunctive relief to enjoin Defendants from such deceptive and/or unconscionable acts; and

       c.     Any other appropriate ancillary relief as they may be entitled.

## V. CLASS ACTION ALLEGATIONS

### A. *Class Definition and Process*

16. Plaintiffs bring these claims on behalf of themselves and on behalf of a class defined as:

> All Sam's Club members who are consumers and ████████████ ███████████████████████████████████████ Specifically

6

excluded from the class are: (a) any federal judges and other court personnel who have presided over this case; (b) any persons employed by Defendants, and (c) any entities or individuals affiliated with Defendants.

17. Plaintiffs anticipate seeking certification of the above-described class under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

### B. Allegations Relative To Rule 23(a)

18. The Class referenced above includes all putative Class members residing throughout the country, and therefore the class is so numerous that joinder of all members of the Class would be impractical.

19. The claims for relief asserted herein on behalf of Plaintiffs and the putative class members present questions of law and fact common to the Classes, including:



a. Whether Defendants' representation to Sam's Club members that ███████████████████████████████████████████████████████████ is an unfair, fraudulent, deceptive, unlawful or unconscionable act or practice;

b. Whether Defendants' representation to Sam's Club members that ███████████████████████████████████████████████████████████ is an unfair, fraudulent, deceptive, unlawful or unconscionable act or practice;

c. Whether Defendants' representation to Sam's Club members that ███████████████████████████████████████████████████████████ unfair, fraudulent, deceptive, unlawful or unconscionable act or practice;

7

d.  Whether Defendants' representation to Sam's Club members that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ is an unfair, fraudulent, deceptive, unlawful or unconscionable act or practice;

e.  Whether Defendants' representation to Sam's Club members that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ unfair, fraudulent, deceptive, unlawful or unconscionable act or practice;

f.  Whether Defendants' representation to Sam's Club members that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ is an unfair, fraudulent, deceptive, unlawful or unconscionable act or practice; and

g.  Whether Defendants' practice should be enjoined.

20. The claims of the named representative Plaintiffs are typical of the claims of the putative Class in that:

a.  Plaintiffs and Class members are all Sam's Club consumer members;

b.  Plaintiffs and the Class were ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ which is uniform for members of the Class in Kansas and throughout the United States; and

c.  The claims of Plaintiffs and Class members arise from the same general course of conduct and are based on the same legal theories.

21. Plaintiffs, as the representative Plaintiffs for the Classes, will fairly and adequately protect the interests of the Classes because:

a.  Plaintiffs have knowledge regarding the facts and circumstances that give rise to their claims and the claims of Class members;

8

b.     Plaintiffs are strongly interested and highly motivated to assert and protect their own rights and the rights of Class members in a vigorous fashion; and

c.     Plaintiffs have retained as class counsel numerous attorneys with substantial experience and expertise in class actions, commercial litigation and business litigation and which have the necessary and requisite resources. These attorneys will also vigorously assert and protect the interests of Class members.

*C.     Allegations Relative to Rule 23(b)(1)(A)*

22.    Prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for defendants because Plaintiffs seek, among other relief, a Court determination of the rights of Plaintiffs and the Class and corresponding rights of Defendants, and Court determinations and Orders that:

a.     Defendants' acts and practices as described above are unfair, fraudulent, deceptive, unlawful and unconscionable practices;

b.     Defendants should be enjoined from continuing to make the deceptive, misleading and untrue representations on its website; and

c.     Until such time as Defendants make these changes, for the protection of consumers, Defendants be enjoined from continuing to do business on its website under these false pretenses.

23.    Individually prosecuted actions addressing some or all of the issues listed here presents an inherent risk that different courts could reach inconsistent or varying adjudications could establish incompatible standards of conduct for Defendants, in that different Courts could establish different and even conflicting means and methods of giving effect to the

determinations, Orders and Injunctions contemplated in this action.  As it is unlikely that different courts would tailor identical remedial orders, a real risk of inconsistent results is posed by individually prosecuted actions.

24. Individually prosecuted actions addressing some or all of the issues listed here also presents an inherent risk that different courts could reach inconsistent or varying adjudications which could create unequal and unfair treatment of Plaintiffs and Defendants.

### D. *Allegations Relative to Rule 23(b)(2)*

25. Defendants' deceptive and unconscionable acts and practices (described above) apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

26. Final injunctive relief and/or corresponding declaratory relief are appropriate to remedy Defendants' improper conduct with respect to the Class as a whole.

### E. *Allegations Relative to Rule 23(b)(3)*

27. The questions of law and/or fact common to Plaintiffs and Class members predominate over any questions affecting only individual members of the Classes, and a class action as asserted herein is superior to other available methods for the fair and efficient adjudication of this controversy, in that, among other elements:

a. The interests of Plaintiffs and the interests of individual Class members in controlling the prosecution of separate actions are outweighed by the advantages of adjudicating the common issues of fact and law by means of a class action; individual actions would not be practical considering the uniform nature of the relief requested;

    b. Upon information and belief, there are no pending certified class actions concerning the controversy at issue or the claims asserted in this case applicable to Plaintiffs or the Class members set forth herein;

    c. Concentrating litigation of these claims in this forum is desirable because it will prevent and avoid a duplication of effort and the possibility of inconsistent results, and this forum represents an appropriate forum to settle the controversy based on the location of Plaintiffs, the putative Class members, the fact that Defendants do substantial business in this jurisdiction, and the availability of witnesses and evidence; and

    d. Any difficulties that may be encountered in management of the class are greatly outweighed by the difficulties of handling multiple actions by individual class members; this class action is a superior method because it furthers judicial economy and efficiency and is in the best interests of Plaintiffs and Class members.

## VI. CAUSES OF ACTION

### COUNT I

### KANSAS CONSUMER PROTECTION ACT

28. Plaintiffs incorporate by reference the allegations set forth in the foregoing Paragraphs of this Complaint as if fully set forth herein.

29. This claim is brought by the Plaintiffs on behalf of themselves and all other similarly situated persons and entities who are Sam's Club consumer members

30. Plaintiffs and Class members are "consumers," within the context and meaning of the Kansas Consumer Protection Act, K.S.A. § 50-623, et seq.

31. Defendants are "suppliers," within the context and meaning of the Kansas Consumer Protection Act, K.S.A. § 50-623, et seq.

32. Defendants made various misrepresentations to Plaintiffs and Class members, and violated and continue to violate the Kansas Consumer Protect Act through various deceptive acts and practices associated and related to the statements made on its website, as set forth above in Paragraphs 11 and 12.

33. The representations of Defendants were false, misleading, and unconscionable as set forth above in Paragraphs 11 and 12.

34. The representations of the Defendants were deceptive practices under K.S.A. 50-626(a)(1) in that Defendants knew or had reason to know the representations were false and/or misleading.

35. By making such representations, Defendants willfully made written exaggerations, falsehoods, innuendos and/or ambiguities as to material facts as prohibited by K.S.A. 50-626(a)(2).

36. Defendants willfully failed to state material facts and/or willfully concealed, suppressed or omitted material facts about ███████████████████████████████ as prohibited by K.S.A. 50-626(b)(3).

37. In addition to the deceptive and misleading nature of such acts, the acts were unconscionable acts in connection with a consumer transaction as they were statements on which Defendants knew consumers were likely to rely.

### VII. **PRAYER FOR RELIEF**

WHEREFORE, pursuant to K.S.A. 50-634(c), Plaintiffs seek the following relief:

    a. Declaratory Judgment that Defendants' practices are deceptive and/or unconscionable;

    b.  Injunctive relief to enjoin Defendants from such deceptive and/or unconscionable acts; and

    c.  Any other appropriate ancillary relief as they may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury on all issues so triable.

## DESIGNATION OF PLACE FOR TRIAL

Pursuant to Local Rule 40.2, Plaintiffs hereby designate Kansas City, Kansas as the place of trial.

Dated: September 19, 2012                    Respectfully submitted,

                                                           McCLELLAND LAW FIRM
*A Professional Corporation*

Kelly L. McClelland,  D. KS Fed. #78127
Kenneth E. Cox,         KS #20117
Jerome M. Patience,   KS #22022
Ryan L. McClelland,  D. KS Fed. #78128
The Flagship Building
200 Westwoods Drive
Liberty, Missouri   64068-1170
Telephone:      (816) 781-0002
Facsimile:       (816) 781-1984
kmcclelland@mcclellandlawfirm.com
kcox@mcclellandlawfirm.com
jpatience@mcclellandlawfirm.com
ryan@mcclellandlawfirm.com

**CO-LEAD ATTORNEYS FOR PLAINTIFFS**


**WALTERS BENDER STROHBEHN
& VAUGHAN, P.C.**

      */s/ Karen Wedel Renwick*
Roy Frederick Walters, D. KS Fed. #70561
Karen Wedel Renwick, KS #12095
Matthew R. Crimmins, KS #20707
2500 City Center Square
1100 Main
P.O. Box 26188
Kansas City, MO 64196
P:  816-421-6620
F:  816-421-4747
fwalters@wbsvlaw.com
krenwick@wbsvlaw.com
mcrimmins@wbsvlaw.com

**CO-LEAD ATTORNEYS FOR PLAINTIFFS**

14