IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN E. HAMMER, and<br>MICHAEL D. WHITE,<br>individually and on behalf of all others<br>similarly situated<br><br>     Plaintiffs,<br><br>v.<br><br>SAM'S EAST, INC.,<br>d/b/a/ SAM'S CLUB, et al.<br><br>     Defendants. | Case No. 12-cv-2618-CM |

### MEMORANDUM AND ORDER

This case comes before the court on defendants' motion for leave to file under seal (Doc. 14). The court concludes that no response is required of plaintiffs. As set forth below, defendants' motion is denied.

Defendants ask the court to seal Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 14-1). Defendants seek to file their memorandum under seal because it contains "highly-confidential information which, if disclosed could provide an improper competitive advantage . . . ." (Doc. 14 at 1.) Defendants also seek leave to file their memorandum under seal "because portions thereof refer to and/or discuss allegations containing highly confidential information that Plaintiffs themselves redacted from the Complaint when it was filed. (*See* Dkt. #1)." (*Id*.) The court has reviewed the

redacted complaint and the proposed memorandum to be filed under seal. The court is unable to determine exactly what information is purportedly confidential in either document.[1]

Local Rule 5.4.6 governs the procedure for requesting leave to file under seal. Section II.J. of the District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases ("ECF Administrative Procedures Guide") also governs. Section II.I., concerning privacy, requires litigants to modify or partially redact personal data identifiers in documents filed with the court including: 1) social security numbers; 2) minors' names; 3) dates of birth; and 4) financial account numbers. This section also allows parties to "modify or partially redact other confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information.)." (ECF Administrative Procedures Guide Section II.I.). A party that files a redacted document may file an unredacted version of the document under seal or file a reference list under seal. (*Id*.)

A motion for leave to seal must "establish that interests which favor non-disclosure outweigh the public interest in access to court documents." *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D. Kan. 2008) (citing *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978)). To show good cause to seal, "a moving party must submit particular and specific facts, and not merely 'stereotyped and conclusory statements.'" *Id*. (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

Here, defendants have not met their burden to show why interests which favor non-disclosure outweigh the public interest in access to court documents. Defendants have not stated what the confidential information is, why the information is highly confidential, or why disclosure of that information would provide an improper competitive advantage. In addition, defendants have not

---

[1] This is partly due to the failure of the plaintiffs to file an unredacted complaint under seal.

shown why redaction would be insufficient to protect any information that is legitimately confidential. *See id*.

For these reasons, defendants' motion for leave to file under seal is denied. The Clerk's Office is directed to leave the motion and the attached memorandum (Doc. 14) under seal. Defendants may file another motion that complies with Local Rule 5.4.6. and sections II.J and I of the ECF Administrative Procedures Guide or file a redacted memorandum. If defendants want the motion to dismiss to be deemed filed on November 5, 2012, they must file another motion for leave or a redacted memorandum on or before November 15, 2012. Otherwise, it will be deemed filed on the new date of filing.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to File Under Seal (Doc. 14) is denied.

Dated this 8th day of November, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**