IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN E. HAMMER, and <br> MICHAEL D. WHITE, <br> individually and on behalf of all others <br> similarly situated, <br><br>         Plaintiffs, <br><br> v. <br><br> SAM'S EAST, INC., <br> d/b/a/ SAM'S CLUB, et al., <br><br>         Defendants. | Case No. 12-cv-2618-CM |

## MEMORANDUM AND ORDER

On November 5, 2012, defendants filed a motion for leave to file under seal their memorandum in support of their motion to dismiss (Doc. 14). In their motion, defendants requested leave to file their memorandum under seal because it contained "highly confidential information" and because the plaintiffs had redacted their complaint. The court denied that motion in its November 8, 2012 order (Doc. 17). At the time, the court was unable to determine exactly what information was purportedly confidential in the proposed memorandum to be filed under seal. The court also noted that the complaint was filed with redactions and that the court also could not ascertain what information was confidential in the complaint.

The court then directed the parties to Local Rule 5.4.6, which governs the procedure for requesting leave to file under seal and Sections II.I and J of the District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases ("ECF Administrative Procedures Guide"). The court's order listed examples of information that

parties must redact, and also provided examples of other confidential information that parties may redact as permitted by the court. The court determined that defendants had not met their burden to file the document under seal. The court invited defendants to file a memorandum that complies with the above-mentioned rules and guidelines, including redactions of legitimately confidential information.

Defendants then filed a memorandum in support of their motion to dismiss (Doc. 18) with limited redactions. After this motion was filed, the court received letters from both parties regarding the redacted documents and detailing correspondence between the parties. As a summary, plaintiffs first wrote a letter to defendants informing them that plaintiffs intended to file suit and that they would initially file a redacted complaint to allow defendants time to fix the alleged security issues with defendants' website.

After the court denied defendants' motion for leave to file under seal (Doc. 14), defendants filed a redacted memorandum (Doc. 18) and wrote a letter to the court that attached unredacted copies of their memorandum of the complaint. In this letter, defendants noted that there is a possibility that the redacted information may be beyond the scope contemplated by the ECF Administrative Procedures Guide but again stated that they were "following the lead of plaintiffs" by redacting the information.

Finally, plaintiffs contacted the court by letter and stated that they believe the redactions are not confidential and that the public has a right to know the redacted information. Plaintiffs stated that they intend to file an unredacted copy of the complaint and will file a response to defendants' motion to dismiss without redactions. Plaintiffs ask that if either party believes a specific pleading should be filed under seal, the party should file a formal motion requesting the same.

The court has reviewed the unredacted copies of documents provided by the parties and has determined that the redacted information does exceed the scope contemplated by Sections II.I and J of

the ECF Administrative Procedures Guide and is not confidential.  Plaintiffs are to file an unredacted copy of the complaint with the clerk and defendants are to file an unredacted copy of their memorandum in support their motion to dismiss.  All pleadings filed from this point forward are to be filed without redactions.  Should either party believe that a specific pleading should be filed under seal, the party should file a formal motion requesting leave to do so.

**IT IS THEREFORE ORDERED** that plaintiffs must file an unredacted copy of their complaint (Doc. 1) on or before November 29, 2012.

**IT IS FURTHER ORDERED** that defendants must file an unredacted copy of their memorandum (Doc. 18) on or before November 29, 2012.

**IT IS FURTHER ORDERED** that all future pleadings by both parties are to be filed without redactions and that requests for leave to file under seal must be made by formal motion.

Dated this 27th day of November, 2012, at Kansas City, Kansas.

                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**
                                        **United States District Judge**