# IN THE UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEVEN E. HAMMER, et al.,

        Plaintiffs,

v.

        Civil Action

        Case No. 12-2618-CM-GLR

SAM'S EAST, INC., et al.,

        Defendants.

## MEMORANDUM AND ORDER

The Court has under consideration Defendants' Motion to Temporarily Stay Discovery (ECF No. 33) and Defendants' Motion for Protective Order (ECF No. 40). By the first motion, Defendants seek to stay discovery pending a ruling on their motion to dismiss (ECF No. 13). The second motion relatedly seeks a protective order against propounded discovery until the Court issues a ruling on the pending motion to dismiss. Plaintiffs oppose both motions. For the reasons that follow, the Court denies the motions.

Rule 26(c) of the Federal Rules of Civil Procedure governs requests to stay discovery.[1] Whether to stay or otherwise limit discovery lies within the sound discretion of the Court.[2] In general, the pendency of a dispositive motion is not a sufficient reason to stay discovery.[3] The Court, however, may stay discovery until a ruling on a dispositive motion "where the case is likely to be

---

[1] *Steil v. Humana Health Care Plans, Inc.*, No. 99-2541-KHV, 2000 WL 730428, at *1 (D. Kan. May 1, 2000).

[2] *Kerr v. Dillard Store Servs., Inc.*, No. 07-2604-KHV-GLR, 2008 WL 687014, at *1 (D. Kan. Mar. 10, 2008); *Evello Invs. N.V. v. Printed Media Servs., Inc.*, No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995).

[3] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990).

finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4] The moving party must clearly show that there is a compelling reason to stay discovery.[5] Even when a stay is appropriate, the Court may not preclude discovery relevant to the dispositive motion.[6]

Plaintiffs allege that Defendants violated the Kansas Consumer Protection Act ("KCPA") by misrepresenting information on Defendants' website.[7] Plaintiffs seek declaratory and injunctive relief pursuant to Kan. Stat. Ann. § 50-634(c), establishing that Defendants' practices (including the wording used on the Sam's Club website) are deceptive and unconscionable. They would enjoin Defendants from making the allegedly deceptive and unconscionable statements.[8] Defendants seek to stay discovery upon grounds that Plaintiffs lack standing to pursue the claim and that the claim lacks merit. In their motion for protective order, they further state that the Court effectively postponed discovery in its Scheduling Order (ECF No. 37), which ties certain deadlines to the date a ruling issues on the pending motion to dismiss. Plaintiffs oppose the requested stay and protective order on grounds that Defendants have shown no basis for a stay and that discovery will not be unduly burdensome, because it can be tailored to the narrow nature of this action. Plaintiffs disagree that the Court has effectively stayed discovery through its Scheduling Order.

---

[4] *Wolf*, 157 F.R.D. at 495.

[5] *Evello*, 1995 WL 135613, at *3.

[6] *See id.*

[7] Compl. ¶¶ 28-37 (ECF No. 1).

[8] *Id.* ¶ 15.

Defendants have not carried their burden to clearly show a compelling reason to stay discovery in this case. They have not asserted any form of immunity as a defense. They have not clearly shown that the pending dispositive motion will likely dispose of the case in its entirety. Although they point to a prior case against them that was dismissed on summary judgment, that case was based upon alleged violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681c(g), not KCPA. And they provide no basis why that dismissal creates any likelihood that this case will be dismissed. Nor have Defendants shown that discovery on all issues would be burdensome and wasteful. The claim raised by Plaintiffs appears narrow and straightforward. Given the nature of this action, the Court finds no compelling reason to stay discovery even though the parties appear to agree that discovery will not affect resolution of the motion to dismiss. It is within the Court's discretion to deny a stay even when discovery may be unnecessary to resolve the pending motion to dismiss.[9] The Court finds that Defendants have not carried their burden to show a valid reason to stay discovery. The Court disagrees, furthermore, with the suggestion that it implicitly or explicitly imposed any stay of discovery through its Scheduling Order.

---

[9] *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *2 (D. Kan. June 1, 2007).

For the foregoing reasons, the Court denies Defendants' Motion to Temporarily Stay Discovery (ECF No. 33) and Defendants' Motion for Protective Order (ECF No. 40). Because the circumstances make an award of expenses unjust, the parties are each responsible for their own expenses incurred on the motions.[10]

**IT IS SO ORDERED.**

**Dated this 25th day of June, 2013.**

S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**

---

[10] *See* Fed. R. Civ. P. 37(a)(5)(B) (made applicable by Fed. R. Civ. P. 26(c)(3)).