## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN E. HAMMER, and )
MICHAEL D. WHITE, )
**individually and on behalf of all others** )
**similarly situated,** )
)
              **Plaintiffs,** )
)
v. )
) Case No. 12-cv-2618-CM
)
SAM'S EAST, INC., )
d/b/a/ SAM'S CLUB, et al., )
)
              **Defendants.** )
)

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to dismiss (Doc. 13). Defendants move to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) because plaintiffs lack Article III standing, and under 12(b)(6) because plaintiffs failed to state a claim upon which relief can be granted.[1] For the following reasons, the court grants defendants' motion.

### I. Factual Background

Steven E. Hammer and Michael D. White ("plaintiffs"), individually, and on behalf of all others similarly situated[2], bring suit against defendants Sam's East, Inc., Sam's West, Inc., and Wal-Mart Stores, Inc., all doing business as Sam's Club ("defendants"), alleging violations of the Kansas Consumer Protection Act ("KCPA"). Plaintiffs are members of Sam's Club and allege that defendants made numerous misrepresentations on their website regarding the security of confidential and private

---

[1] Because the court lacks jurisdiction to hear plaintiffs' claims, it does not address defendants' arguments made under Federal Rule of Civil Procedure 12(b)(6).

[2] The matter of class certification has not been determined in this case.

-1-

information of Sam's Club members.  Specifically, plaintiffs allege that defendants violated the KCPA by misrepresenting to Sam's Club members on the Sam's Club website that: (1) account information is password protected; (2) first and last names must be entered exactly as they appear on the membership card; (3) Sam's Club membership numbers must be entered exactly as they appear on the membership card; (4) Sam's Club protects payment card information collected during transactions; (5) defendants use reasonable security measures on the Sam's Club website; and (6) defendants comply with industry standards that require safeguards for handling and securing member information.

Plaintiffs ask for the following relief: (1) declaratory judgment, issued pursuant to Kan. Stat. Ann. § 50-634(c), establishing that defendants' practices are deceptive and/or unconscionable; and (2) injunctive relief, issued pursuant to the same statute, enjoining defendants from making these same statements.  Plaintiffs make no allegation that their personal information has been stolen, compromised, or fraudulently used.  Plaintiffs also do not allege that a security breach has occurred.  Instead, plaintiffs argue that defendants' actions and misrepresentations have exposed and continue to expose their customers to increased risk of fraud and identity theft by failing to adequately protect the private personal information of customers.

**II.     Legal Standard**

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate when the court lacks subject matter jurisdiction over a claim for relief.  The party asserting jurisdiction has the burden of establishing subject matter jurisdiction.  *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).  A motion under this rule attacks the existence of jurisdiction rather than the allegations of the complaint and, therefore, dismissal under this rule is not a judgment on the merits of the claims.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

**III.    Analysis**

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to actual cases or controversies. *Summers v. Earth Island Inst.*, 555 U.S. 488, 492–93 (2009); *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009). A party seeking relief in federal court must have standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To have standing, a plaintiff bears the burden of showing that (1) he suffered an injury in fact that is (a) concrete and particularized and (b) actual and imminent, not merely conjectural or hypothetical; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable decision is likely to redress his alleged injuries. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan*, 504 U.S. at 560–61).

The injury-in-fact requirement differs depending upon whether a plaintiff seeks prospective or retrospective relief. *Tandy v. City of Wichita*, 380 F.3d 1277, 1283–84 (10th Cir. 2004) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)). When seeking prospective relief, a plaintiff must suffer a continuing injury or be under a real and immediate threat of being injured in the future. *Id*. at 1283. Moreover, the threatened injury must be "certainly impending" as opposed to merely speculative. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013); *Tandy*, 380 F.3d at 1283. "A claimed injury that is contingent upon speculation or conjecture is beyond the bounds of a federal court's jurisdiction." *Tandy*, 380 F.3d at 1283–84 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). To analyze standing, the court considers the facts existing at the time the complaint was filed. *Id.*

Defendants argue that plaintiffs lack standing for three reasons. First, defendants contend that plaintiffs' awareness of defendants' alleged misrepresentations means they already believe the

statements to be false and, therefore, are not at risk of future injury.  Second, defendants argue that the only harm alleged by plaintiffs—increased risk of identity theft or fraud—cannot be redressed by the relief plaintiffs seek.  Third, defendants contend that an increased risk of identity theft or fraud is too remote and speculative to confer Article III standing.  Because the court agrees with defendants' third argument, it does not address the first two arguments.

As noted by the parties, in dealing with similar "loss of data" cases, federal courts have split on the issue of whether an alleged increased risk of identity theft and fraud is an injury in fact sufficient to support standing.  *Compare, e.g.*, *Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1052–53 (E.D. Mo. 2009); *Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 8 (D.D.C. 2007); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 690 (S.D. Ohio 2006); *Bell v. Acxiom Corp.*, No. 4:06Cv485-WRW, 2006 WL 2850042, at *2 (E.D. Ark. Oct. 3, 2006); *Giordano v. Wachovia Sec., LLC*, No. 06-476 (JBS), 2006 WL 2177036, at *4–5 (D.N.J. July 31, 2006) (finding no standing), *with, e.g.*, *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 634 (7th Cir. 2007);[3] *Ruiz v. Gap, Inc.*, 622 F. Supp. 2d 908, 912 (N.D. Cal. 2009), *aff'd*, 380 F. App'x 689 (9th Cir. 2010); *McLoughlin v. People's United Bank, Inc.*, No. 08-cv-00944 (VLB), 2009 WL 2843269, at *4 (D. Conn. Aug. 31, 2009); *Krottner v. Starbucks Corp.*, No. 09-0216-RAJ, 2009 WL 7382290, at *4–6  (W.D. Wash. Aug. 14, 2009), *aff'd in part*, 628 F.3d 1139 (9th Cir. 2010); *Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 280 (S.D.N.Y. 2008) (finding standing).[4]

But the key fact in those cases—whether or not the courts found standing was met—is that the plaintiffs' personal data had in fact been stolen or compromised, or some type of security breach had

---

[3] *See Amburgy*, 671 F. Supp. 2d at 1051 (discussing the Seventh Circuit's reliance on factually distinct cases from other circuits addressing increased risk of future medical injury and increased risk of future environmental injury in finding standing).

[4] For a more thorough discussion of "loss of data" cases and the split in authority among courts regarding standing, see *Hammond v. Bank of New York Mellon Corp.*, No. 08 Civ. 6060 (RMB)(RLE), 2010 WL 2643307, at *1–2, 8 (S.D.N.Y. June 25, 2010) .

occurred. That is not the case here. As defendants point out, no court has found that a mere increased risk of identity theft or fraud constitutes an injury in fact for standing purposes without some alleged theft of personal data or security breach. *See, e.g.*, *Katz v. Pershing*, 672 F.3d 64, 79 (1st Cir. 2012) (finding under similar circumstances that plaintiff lacked standing when she failed to allege a data breach or that her personal information "ha[d] been accessed by any unauthorized person"). This court will not be the first. Plaintiffs' failure to allege that their personal data has been stolen or compromised in any way means plaintiffs have suffered no injury in fact.[5]

Plaintiffs argue that they have a "continuing injury" in that their personal data "can be accessed without any adequate protections or controls" and that "[d]efendants are affirmatively misrepresenting the security of [p]laintiffs' information and concealing material facts related to website security." (Doc. 26 at 14.) Plaintiffs describe this situation as "a current ongoing concern." (*Id.*) But these "future-oriented, hypothetical, and conjectural" claims do not represent a case or controversy. *See Hammond*, 2010 WL 2643307, at *7; *see also Whitmore*, 495 U.S. at 158 ("Allegations of possible future injury do not satisfy the requirements of Art[icle] III.").

In their response, plaintiffs request that—should the court determine their pleadings are deficient—they be given leave to amend their complaint. Although plaintiffs do list some areas in which they could elaborate further, plaintiffs' request does not give the court adequate notice of the basis of the proposed amendment. And, even assuming that all the information contained in plaintiffs'

---

[5]  In their response, plaintiffs also argue that they have standing based on the payment of their Sam's Club membership dues. They argue that the value of the Sam's Club membership purchased (wherein personal information is protected as promised) is much higher than the actual value (wherein such information is not protected). However, plaintiffs' complaint failed to allege that plaintiffs purchased Sam's Club memberships. The complaint also contained no allegations of any economic injury or diminution in the value of plaintiffs' memberships. Plaintiffs' attempt to theorize their harm in this manner is rejected. *See McLoughlin*, 2009 WL 2843269, at *4 ("'[T]he jurisdiction of a federal court must affirmatively and distinctly appear and cannot be helped by presumptions or by argumentative inferences drawn from the pleadings.'") (quoting *Norton v. Larney*, 266 U.S. 511, 515 (1925)); *see also Randolph*, 486 F. Supp. 2d at 9–10 ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citations omitted).

response appeared in the complaint (e.g., details of how Sam's Club memberships work, the value of memberships with and without security protections, the risks of having personal information easily accessed, and how the Sam's Club website can be accessed by an individual typing in the name "Identity Thief"), plaintiffs still fail to establish that they have standing.[6] To the extent plaintiffs argue they could allege additional information not contained in their response, this court is not required to "read the minds of litigants to determine if information justifying an amendment exists . . . ." *See Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (citation omitted). Moreover, plaintiffs wholly fail to comply with Local Rule 15.1 in properly seeking leave to amend. The court denies plaintiffs' request.

Because plaintiffs lack standing, the court dismisses plaintiffs' claims without prejudice for lack of jurisdiction. Defendants' motion to dismiss is granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 13) is granted.

**IT IS FURTHER ORDERED** that plaintiffs' claims are dismissed without prejudice for lack of jurisdiction.

Dated this 16th day of July, 2013, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**

---

[6] Even if plaintiffs were to amend their complaint to include information about the value of their memberships with and without security protections, plaintiffs could not show that the relief they request (a declaration and injunction under Kan. Stat. Ann. § 50-634(c) of the KCPA) would remedy any alleged financial loss. Thus, redressibility—a necessary requirement of standing—cannot be met. In addition, Kan. Stat. Ann. §§ 50-634(b)–(c) prohibit recovery of damages in a class action.